UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR417-208 |
| | ) | |
| v. | ) | |
| | ) | |
| ORANDA RASHEED WALKER | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on August 2, 2017, a federal grand jury sitting in the Southern District of Georgia returned a 22-count Indictment against Defendant Oranda Rasheed Walker and 19 others charging violations of 21 U.S.C. § 846 (Count One – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances and to Manufacture Crack Cocaine); 21 U.S.C. § 841(a)(1) (Counts Two, Six, Fourteen, and Twenty through Twenty-Two – Possession of Marijuana with Intent to Distribute); 21 U.S.C. § 841(a)(1) (Count Three – Possession of 500 Grams or More of Cocaine with Intent to Distribute); 21 U.S.C. § 841(a)(1) (Counts Four, Twelve, and Nineteen – Possession of Cocaine with Intent to Distribute); 21 U.S.C. § 841(a)(1) (Counts Five and Thirteen – Possession of Cocaine Base "Crack" with Intent to Distribute); 18 U.S.C. § 922(g)(1) (Counts Seven through Nine and Counts Fifteen through Seventeen – Felon in Possession of a Firearm); 18 U.S.C. § 924(c)(1)(A) (Counts Ten and Eighteen – Possession of a Firearm in Furtherance of a Drug Trafficking Crime); and 21 U.S.C. § 841(a)(1) (Count Eleven – Possession of Heroin with Intent to Distribute);

WHEREAS, the Indictment sought forfeiture pursuant 21 U.S.C. § 853 of any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One through Six, Eleven through Fourteen, and Nineteen through Twenty-Two of the Indictment, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including $641.00 in U.S. Currency seized from 7030 Key Street, Savannah, Georgia (hereinafter, the "Subject Property");

WHEREAS, on November 2, 2017, pursuant to a written plea agreement, Defendant pled guilty to the lesser-included offense in Count One of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute 50 Kilograms or More Marijuana; and

WHEREAS, Defendant hereby agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Special Assistant U.S. Attorney Noah Abrams, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: Nov. 2, 2017

_____
WILLIAM T. MOORE JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

*w/ permission*

_____
Noah Abrams
Special Assistant United States Attorney
Georgia Bar Number 114354
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

Date: 11/2/2017

_____
Oranda Walker
Defendant

Date: 11-2-2017

_____
Dennis O'Brien, Esq.
Attorney for Defendant

Date: 11-2-17